**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHAWN WOODWARD,

                         Plaintiff,

- v -                                       Civ. No. 9:18-CV-83
                                                      (DNH/DJS)

CORRECTIONAL OFFICER GORI, *et al.*,

                         Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

SHAWN WOODWARD
Plaintiff, *Pro Se*
SBI # 977468B
South Woods State Prison
215 Burlington Road South
Bridgeton, New Jersey 05302

HON. LETITIA JAMES                      RYAN ABEL, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

     The Second Amended Complaint in this case asserts constitutional claims under 42 U.S.C. § 1983 against Defendants Gori, Geleta, and Cituk for alleged violations of his constitutional rights arising from events at Greene Correctional Facility in 2017. *See generally* Dkt. No. 48, Sec. Am. Compl. Plaintiff was permitted to supplement his

Complaint to add additional claims against two other Defendants, who Plaintiff has now identified as Corrections Officers Juliano and Bidwell, concerning an excessive use of force alleged to have taken place in July 2019. Dkt Nos. 47 & 69-1. Officers Juliano and Bidwell have not yet been served with process in this action and have not formally appeared in the case.

On January 16, 2020, the same day Plaintiff filed a document identifying Juliano and Bidwell as previously unidentified John Doe Defendants, Dkt. No. 69-1, a Motion for Summary Judgment was filed by Defendants. Dkt. No. 70. The Motion seeks partial summary judgment solely related to the allegations stemming from July 2019 and is based on Plaintiff's alleged failure to exhaust his administrative remedies regarding that claim as required under the Prison Litigation Reform Act. Dkt. No. 70-9, Defs.' Mem. of Law.

A motion for summary judgment is appropriately denied as premature when a full opportunity to conduct necessary discovery has not been afforded. *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000); *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have a fully adequate opportunity for discovery at the time the moving party sought summary judgment.") (internal quotations and citations omitted).

This Motion arises in a particularly unique circumstance. It seeks judgment

regarding claims as which the allegedly responsible parties have not yet even appeared in the action. There are also discovery demands pending from Plaintiff that specifically relate to the claims the pending Motion seeks to dismiss. A dispute about the discoverability of certain material existed prior to the filing of this Motion as is evidenced by the fact that Plaintiff had filed Motions to Compel Discovery before the Motion for Summary Judgment was filed. This Court held a discovery conference with the parties on March 25, 2020 during which the Court addressed issues regarding these demands and directed, *inter alia*, that certain documents related to the July 2019 claim be provided. Defendants also specifically requested and were granted permission to depose Plaintiff regarding his claims relating to the July 2019 incident. Dkt. No. 83. Information relative to the exhaustion question presented by the instant Motion may be discovered as a result of forthcoming discovery. In light of these circumstances, the Court recommends that the present Motion for Summary Judgment be denied without prejudice as premature. *V.W. by & through Williams v. Conway*, 236 F. Supp. 3d 554, 579 (N.D.N.Y. 2017) (denying summary judgment as premature in the absence of potentially relevant discovery); *Roebuck v. Hudson Valley Farms, Inc.*, 208 F.R.D. 34, 36 (N.D.N.Y. 2002) (same). If this recommendation is accepted by the District Court, this Court will set a new deadline for filing of a dispositive motion regarding the July 2019 allegations.

    **ACCORDINGLY**, it is

    **RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No.

70) be **DENIED** without prejudice as premature; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[1]  **WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  March 31, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).