UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN WOODWARD,

                              Plaintiff,

      - v -                                    9:18-CV-083
                                                      (DNH/DJS)

J. GORI, *et al.*,

                              Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

SHAWN WOODWARD
Plaintiff, *Pro Se*
Atlantic City, New Jersey 08401

HON. LETITIA JAMES                   RACHAEL OUIMET, ESQ.
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was at Greene Correctional Facility. *See* Dkt. No. 1, Compl.; Dkt. No. 84, Third Am. Compl. Pursuant

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

to Federal Rule of Civil Procedure 56, Defendants Gori, Bidwell, and Juliano filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Third Amended Complaint. Dkt. No. 147-1, Defs.' Mem. of Law at pp. 1-2. Defendants Geleta and Cituk do not join in the Motion. *See generally* Defs.' Mem. of Law. Because Plaintiff consents to dismissal of his First Amendment claims, Dkt. No. 152, Pl.'s Resp. at pp. 2-3, the Court will address only the merits of Defendants' Motion with regard to Plaintiff's Eighth Amendment claim against the moving Defendants. For the reasons below, the Court recommends Defendants' Motion be **GRANTED**.

## I. BACKGROUND

On May 12, 2017, Plaintiff arrived at Greene Correctional Facility ("GCF"). Third Am. Compl. at ¶ 4. He was transferred to GCF in anticipation of his appearance at a mediation session in the Northern District of New York. Third Am. Compl. at ¶¶ 1-4. Plaintiff, a practicing Muslim, "brought with him a prayer rug to perform his five (5) obligatory prayers and a copy of the translated Qur'an." Third Am. Compl. at ¶ 11. When Plaintiff got to GCF's property room to collect his prayer items, he alleges that Defendant Gori gave him only socks, boxers, and a t-shirt. Third Am. Compl. at ¶ 6. In retaliation for Plaintiff verbally complaining about his missing property, Defendant Gori allegedly choked and punched Plaintiff in the presence of Defendants Geleta and Cituk who did not intervene. Third Am. Compl. at ¶¶ 7-8. In 2019, Plaintiff was again transferred to GCF. Third Am. Compl. at ¶ 16. Plaintiff maintains that upon arrival, Defendants Bidwell and

Juliano confronted him about a subsequent lawsuit he had filed against Defendant Gori concerning the earlier incident. Third Am. Compl. at ¶ 17. The confrontation allegedly resulted in Defendants Bidwell and Juliano physically assaulting Plaintiff. Third Am. Compl. at ¶ 17. As a result of these events, Plaintiff asserted (1) First Amendment free exercise and retaliation claims against Defendant Gori; (2) First Amendment retaliation claims against Defendants Bidwell and Juliano; (3) Eighth Amendment claims against Defendants Gori, Geleta, and Cituk regarding the May 2017 incident[2]; and (4) an Eighth Amendment claim against Defendants Bidwell and Juliano for the July 2019 incident. Third Am. Compl. at ¶¶ 21-24.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must set out specific facts showing that a genuine issue exists and cannot rest merely on allegations or denials

---

[2] Summary judgment is not sought as to this incident.

of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [their] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

The moving Defendants seek summary judgment on the following grounds: (1) Plaintiff cannot establish his First Amendment claims and (2) failure to exhaust administrative remedies.³ Defs.' Mem. of Law at pp. 1-2. Plaintiff explicitly consented to dismissal of his First Amendment free exercise and retaliation claims. Pl.'s Resp. at p. 2. His response to the Motion notes specifically:

> By this letter Plaintiff will agree to summary judgment in favor of defendants, but ONLY as to the following claims:
>
> First Amendment retaliation claims against Defendants Gori, Juliano, and Bidwell.
>
> First Amendment free exercise claims against Gori.

*Id.*

Given this express consent to dismissal of these claims, the Court recommends that summary judgment be granted to Defendants on all of Plaintiff's First Amendment claims. *See, e.g.*, *In re Towers Fin. Corp. Noteholders Litig.*, 996 F. Supp. 266, 271 (S.D.N.Y. 1998). Remaining is Plaintiff's Eighth Amendment excessive force claim against Defendants Bidwell and Juliano.

---

³ The Defendants also make passing reference to their entitlement to qualified immunity without further elaboration. Defs.' Mem. of Law at p. 2. Because Defendants failed to actually argue this issue, the Court will not consider it.

## A. Exhaustion of Administrative Remedies

Bidwell and Juliano move for summary judgment on Plaintiff's excessive force claim regarding the alleged incident in July 2019 on the ground that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Defs.' Mem. of Law at pp. 8 & 10. As detailed below, the Court recommends granting summary judgment on this ground.

### 1. *Exhaustion Procedure*

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93

(2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

### 2. *The Record*

Plaintiff's excessive force claims are subject to PLRA's exhaustion requirement. *See, e.g.*, *O'Connor v. Featherston*, 2002 WL 818085, at *1 (S.D.N.Y. Apr. 29, 2002) ("[T]here is no longer an excessive force exception to the PLRA's exhaustion requirement."). The record establishes that Plaintiff did not properly grieve the claim through the IGP.

On August 19, 2019, Plaintiff filed a grievance concerning his Eighth Amendment excessive force claims against Defendants Bidwell and Juliano. Dkt. No. 147-15, Wilcox Decl. at ¶ 21 & Ex. C. On November 19, 2019, the Superintendent's response denying the grievance was sent to Plaintiff. Wilcox Decl. at ¶ 23. Plaintiff never appealed the Superintendent's decision. Wilcox Decl. ¶ 25. Nor did he request an extension of time to submit an appeal. Wilcox Decl. ¶ 26. The search of CORC records revealed that Plaintiff had appealed a total of seventy-five grievances to CORC, including a grievance regarding the May 2017 incident at issue in this case, none of which concerned the alleged incident with Defendants Bidwell and Juliano. Dkt. No. 147-14, Seguin Decl. at ¶¶ 14, 16 & 20, Ex. A. Plaintiff offers no explanation for his failure to appeal. *See generally* Pl.'s Resp. In fact, he does not mention exhaustion of remedies at all. *See id.*

### 3. *Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court

stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (internal quotations and alterations omitted). Plaintiff bears the burden of establishing that the grievance procedures were unavailable. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

The record establishes that none of the exceptions above are applicable here. As mentioned above, Plaintiff does not rebut or even mention Defendants' failure to exhaust argument. *See* Pl.'s Resp. This alone warrants dismissal for noncompliance with the PLRA's exhaustion requirements. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). Plaintiff is also no novice when it comes to filing grievances. He has filed seventy-five grievances since 2003. Seguin Decl. at ¶ 14 & Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As such, the first two exceptions

identified under *Ross* are not applicable here." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018).

Nor has Plaintiff raised any triable question of fact as to the applicability of the third *Ross* exception. Plaintiff has not provided the Court with a copy of any grievance, grievance decision, or grievance appeal. He has not offered any allegation that he properly exhausted his claims or justification for failing to do so. Given that conclusory claims of proper exhaustion are routinely subject to dismissal, the complete absence of any argument regarding exhaustion here certainly warrants dismissal of Plaintiff's claims. *See*, *e.g.*, *Gibbs v. Gadway*, 2019 WL 5191506, at *5 (N.D.N.Y. Oct. 15, 2019), *report and recommendation adopted*, 2020 WL 1227156 (N.D.N.Y. Mar. 13, 2020) (conclusory claim subject to dismissal where copies of grievances allegedly filed were not submitted as evidence) (citing cases); *Blake v. Porlier*, 2019 WL 7484052, at *5 (N.D.N.Y. Oct. 4, 2019), *report and recommendation adopted*, 2020 WL 58613 (N.D.N.Y. Jan. 6, 2020) (same).

For these reasons, the Court recommends that the Defendants' Motion for Summary Judgment be granted. Should this recommendation be adopted, Plaintiff's only remaining claims are for Eighth Amendment excessive force against Defendant Gori and Eighth Amendment failure to intervene against Defendants Geleta and Cituk dating to May 2017.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 147) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 15, 2024
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).