UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN WOODWARD,

        **Plaintiff,**

 vs.               9:18-CV-83
                     (MAD/DJS)
**J. GORI, P. GELETA, K. CITUK, J. JULIANO,
and D. BIDWELL,**

        **Defendants.**
_____

APPEARANCES:          OF COUNSEL:

**SHAWN WOODWARD**
Atlantic City, New Jersey
*Pro se* Plaintiff

**OFFICE OF THE NEW YORK**      RACHAEL OUIMET, AAG
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff initiated this action through the filing of *pro se* complaint on January 19, 2018. *See* Dkt. No. 1.  Plaintiff named three John Doe correctional officers and two John Doe incarcerated individuals who allegedly did not provide him with his religious materials and physically assaulted Plaintiff, respectively, while housed at Greene Correctional Facility.  *See id.* After reviewing the complaint for sufficiency pursuant to 28 U.S.C. §§ 1915 and § 1915A, the Court dismissed Plaintiff's First Amendment claims and permitted his Eighth Amendment claims

1

to proceed. *See* Dkt. No. 4. Following numerous discovery disputes, Plaintiff filed an amended complaint. *See* Dkt. No. 28. The Court reviewed Plaintiff's amended complaint and permitted his First and Eighth Amendment claims to proceed. *See* Dkt. No. 31. Defendants answered the complaint. *See* Dkt. No. 41. Plaintiff subsequently filed a second amended complaint, *see* Dkt. No. 48, which Defendants answered. *See* Dkt. No. 54. Plaintiff named J. Gori, P. Geleta, and K. Cituk as Defendants. *See* Dkt. No. 48.

On January 16, 2020, Defendants moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 70. On March 31, 2020, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that the Court deny Defendants' motion as premature because of pending discovery disputes. *See* Dkt. No. 85. That same day, Plaintiff filed a third amended complaint. *See* Dkt. No. 84. He named Defendants J. Gori, K. Cituk, P. Geleta, J. Juliano, and D. Bidwell. *See id.* District Judge David N. Hurd adopted the Report-Recommendation and Order and denied Defendants' motion for summary judgment as premature. *See* Dkt. No. 90.

On March 30, 2021, the Court was advised that Plaintiff was incarcerated outside of the Northern District of New York. *See* Dkt. No. 115. Judge Hurd closed the case, pending Plaintiff's motion to reopen the case which was later filed on March 21, 2022. *See id.*; *see also* Dkt. No. 116. Judge Hurd reopened the case. *See* Dkt. No. 125. Following the completion of discovery, and on November 15, 2023, Defendants moved for partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies and the operative complaint failed to state First Amendment free exercise and retaliation claims. *See* Dkt. No. 147. Over Plaintiff's opposition, Magistrate Judge Stewart recommended granting Defendants' motion for partial summary judgment. *See* Dkt. No. 165. Judge Hurd accepted the Order and Report-

Recommendation and dismissed Plaintiff's First Amendment claims. *See* Dkt. No. 168. Judge Hurd noted that the only remaining claims are Plaintiff's Eighth Amendment claims against Defendants Gori, Geleta, and Cituk. *See id.*

Presently before the Court are Plaintiff's motions for sanctions, for a settlement conference, and for reconsideration of Judge Hurd's decision. *See* Dkt. Nos. 171, 172, 173. Defendants responded in opposition to all three motions. *See* Dkt. Nos. 175, 176, 179.[1]

For the following reasons, Plaintiff's motions for sanctions and for reconsideration are denied. Plaintiff's request for a settlement conference is granted to the extent set forth in this Memorandum-Decision and Order.

## II. DISCUSSION

A.   **Motion for Reconsideration**

This Court's Local Rules state that "[u]nless otherwise provided by the Court, by statute or rule (such as Fed. R. Civ. P. 50, 52, 59 and 60), a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 60.1. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously

---

[1] The case was transferred to the undersigned on October 30, 2024. *See* Dkt. No. 174.

available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citations omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

"[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect pro se litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff seeks reconsideration of Judge Hurd's September 10, 2024, decision which granted Defendants' motion for partial summary judgment and dismissed Plaintiff's First Amendment claims.  *See* Dkt. Nos. 168, 173.  Specifically, Plaintiff seeks reconsideration of the dismissal of his First Amendment claim against Defendant Gori.  *See* Dkt. No. 173 at 3.  Plaintiff states that he received additional discovery documents on September 19, 2024, which was after Judge Hurd issued his decision and which support Plaintiff's First Amendment claim.  *See id.* at 6.

Defendants argue that Plaintiff's motion for reconsideration is untimely because Plaintiff was required to file it fourteen days after Judge Hurd issued his decision, and Plaintiff's motion was filed twenty-eight days after that deadline.  *See* Dkt. No. 179 at 6-7.  Defendants also contend that Plaintiff fails to establish grounds warranting reconsideration.  *See id.* at 4-5.

4

First, as to timeliness, Defendants are correct that Plaintiff had fourteen days from the date of the decision to file a motion for reconsideration. *See* N.D.N.Y. L.R. 60.1. Judge Hurd issued his decision on September 10, 2024, *see* Dkt. No. 168, and Plaintiff's motion for reconsideration was not filed until October 21, 2024. *See* Dkt. No. 173. Plaintiff's letter motion and "affidavit of services" [sic] are dated September 19, 2024, the date he purportedly received the additional documents. *Id.* at 6-7. Plaintiff does not provide an affidavit or other sworn document explaining when he placed his motion in the mail. It is unclear to the Court why, despite allegedly being mailed on September 19, 2024, Plaintiff's letter was not received until October 21, 2024. Plaintiff is not presently incarcerated.

It is well settled that "a plaintiff's *pro se* status does not excuse non-compliance with the Local Rules." *Funches v. Miller*, No. 9:20-CV-676, 2023 WL 2864818, *1 (N.D.N.Y. Jan. 3, 2023) (citation omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[*P*]*ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law'") (quotation omitted). Plaintiff has filed three other *pro se* complaints in this Court.[2] Plaintiff has filed six complaints in the District of New Jersey.[3] He has initiated two cases in the Southern District of New York,[4] and has filed eight *pro se* complaints in

---

[2] *See Woodward v. Ali*, No. 9:13-CV-1304 (N.D.N.Y.); *Woodward v. Lytle*, No. 9:16-CV-1174 (N.D.N.Y.); *Woodward v. Davis*, No. 9:22-CV-438 (N.D.N.Y.).

[3] *See Woodward v. Ahearn*, No. 1:22-CV-3812 (D. N.J.); *Woodward v. New Jersey State Parole Board*, No. 1:23-CV-444 (D. N.J.); *Woodward v. Harden*, No. 1:23-CV-445 (D. N.J.); *Woodward v. Robinson*, No. 1:23-CV-446 (D. N.J.); *Woodward v. Tambini*, No. 1:23-CV-450 (D. N.J.); *Woodward v. Trejo*, No. 1:24-CV-2660 (D. N.J.).

[4] *See Woodward v. Perez*, No. 1:12-CV-8671 (S.D.N.Y); *Woodward v. White*, No. 1:19-CV-10281 (S.D.N.Y).

the Western District of New York.⁵  Plaintiff should be well aware of his duty to comply with procedural, local, and substantive rules.  *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (holding that extremely litigious *pro se* plaintiffs do not get the benefit of lenient treatment normally afforded to pro se litigants, since such individuals are "quite familiar with the legal system").

      Because Plaintiff filed his motion for reconsideration twenty-eight days after the fourteen-day deadline expired, the Court denies his motion.  *See Bennett v. Care Correction Sol. Med. Contracted*, No. 15-CV-3746, 2017 WL 4250519, *2 (S.D.N.Y. Sept. 25, 2017) (collecting cases to support denial of *pro se* motion for reconsideration as untimely where the plaintiff filed his motion ten days late); *R.B. ex rel. A.B. v. Dep't of Educ. of City of New York*, No. 10-CV-6684, 2012 WL 2588888, *2 (S.D.N.Y. July 2, 2012) (dismissing motion for reconsideration that was filed at least ten days late); *Golden v. Syracuse Reg'l Airport Auth.*, No. 5:20-CV-01566, 2023 WL 6599048, *1 (N.D.N.Y. Oct. 10, 2023) ("Considering that Plaintiff provides no indication as to why his request is late, and considering that Defendant opposes the motion on same grounds, the Court finds that the request is untimely").⁶

---

⁵ *See Woodward v. Beam*, No. 1:07-CV-645 (W.D.N.Y.); *Woodward v. Mullah*, No. 1:08-CV-463 (W.D.N.Y.); *Woodward v. Mann*, No. 1:09-CV-451 (W.D.N.Y.); *Woodward v. Watkins*, No. 1:12-CV-956 (W.D.N.Y.); *Woodward v. Tillinghast*, No. 1:12-CV-961 (W.D.N.Y); *Woodward v. Afify*, No. 1:14-CV-856 (W.D.N.Y.); *Woodward v. Holtzman*, No. 1:16-CV-1023 (W.D.N.Y); *Woodward v. Michaloski*, No. 1:18-CV-1024 (W.D.N.Y.).

⁶ The Court also notes that Defendants are correct in that the documents Plaintiff attaches to his motion for reconsideration have been before the Court since November 15, 2023, because they were submitted with Defendants' motion for partial summary judgment.  *See* Dkt. No. 147-9 at 30-51; *see also* Dkt. No. 179 at 5.  They were sent to Plaintiff via regular mail.  *See* Dkt. No. 148.  Plaintiff responded to Defendants' motion.  *See* Dkt. No. 152.  Therefore, contrary to Plaintiff's assertion, the documents are not new.

B.      **Plaintiff's Motion for Sanctions**[7]

"Rule 37 governs situations where a party to a civil action fails to cooperate in discovery, and provides for the Court to issue sanctions against such a party." *Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*, No. 08-CV-1366, 2010 WL 1539722, *2 (N.D.N.Y. Apr. 19, 2010) (Kahn, J.) (citing FED. R. CIV. P. 37). "However, the Second Circuit has consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *Kesick v. Ulloa*, No. 10-CV-1248, 2012 WL 2873364, *10 (N.D.N.Y. Jul. 12, 2012) (quoting *Robertson v. Dowbenko*, 443 Fed. Appx. 659, 660 (2d Cir. 2011)) (quotation marks omitted). Dismissal may be imposed "only in extreme circumstances," and "usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (quotation and quotation marks omitted); *see also Matthews v. Sweeney*, No. 17-CV-503, 2024 WL 1558603, *3 (N.D.N.Y. Apr. 10, 2024). The Second Circuit has outlined the following factors to consider concerning a sanctions determination: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of . . . noncompliance." *Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) (quoting *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

Plaintiff asks that Defendants be sanctioned for a "repeated failure to comply with Court's Order to Produce Discovery." Dkt. No. 171 at 1. On September 19, 2023, Magistrate Judge Stewart ordered "Defendants' counsel [to] provide Plaintiff with a copy of the incident report

---

[7] Generally, non-dispositive motions are handled by a magistrate judge. However, for the sake of judicial efficiency in handling Plaintiff's filings, the Court addresses all three of Plaintiff's request in this Memorandum-Decision and Order.

7

which contains the names of the two incarcerated individuals who Plaintiff maintains assisted Defendant in the alleged assault that occurred May 12, 2017[,] . . . a complete copy of his relevant medical records, a copy of the investigative report regarding the May 12, 2017 incident, [and] as print out of Plaintiff[']s facility transfer report." Dkt. No. 143. On August 16, 2024, Magistrate Judge Stewart issued an Order granting in part Plaintiff's discovery motions, which were seeking to enforce the prior Order. *See* Dkt. No. 166 at 2 (citing Dkt. Nos. 158, 160, 163).

In Plaintiff's October 21, 2024, letter requesting sanctions, he states that Defendants' document production "fell short." Dkt. No. 171 at 2. Plaintiff maintains that he e-mailed Defendants' attorney on October 10, 2024, explaining that that "Locator Sy[s]tem Chronological History Display" is not the document that he requested. *Id.* Defendants' counsel responded to Plaintiff's e-mail, stating that the document he was requesting in his e-mail was a new discovery request. *See id.* Plaintiff argues that Magistrate Judge Stewart previously ordered the relevant document to be produced and that Defendants' attorney has repeatedly failed to comply with Court orders by failing to produce the ordered discovery, file a status report, and attend a Court conference. *See id.* at 3.

Defendants argue that pursuant to one of Magistrate Judge Stewart's Orders, counsel provided Plaintiff with his facility transfer report. *See* Dkt. No. 175 at 4. Despite affirmations that counsel mailed the documents to Plaintiff via regular mail, Plaintiff told counsel that he did not receive anything. *See id.* at 5; *see also* Dkt. No. 175-1 at ¶¶ 3-7; Dkt. No. 175-2 at ¶ 4. Counsel e-mailed Plaintiff the records. *See* Dkt. No. 175-1 at 16. Defendants contend that in Plaintiff's October 10, 2024, e-mail, he requested "letters to the NYSDOCCS Commissioner's Officer, the NYS Inspector General Office and any other NYS [e]ntity." Dkt. No. 175 at 5-6. Because these were new requests and the discovery deadline had passed, Defense counsel

8

objected to the request.  *See id.* at 6.

Plaintiff describes "the document(s) – in Defendants' possession that he wanted" to include documents with his name, the facility he is located, the facility he will be transferred to, the individuals who requested that he be transferred, the reason for the transfer, the date of the transfer and arrival in the new facility, and the "[t]he date and time the inmate was transferred out of the present facility to be brought back to his original facility."  Dkt. No. 171 at 2-3.

According to the declarations of two Assistant Attorney Generals, which are sworn under the penalty of perjury, they sent Plaintiff a printout of Plaintiff's facility transfer report via regular mail and e-mail.  *See* Dkt. No. 175-1 at ¶¶ 4, 7, 13; Dkt. No. 175-2 at ¶¶ 4.  That was all that was required in Magistrate Judge Stewart's September 19, 2023, Text Order related to Plaintiff's transfers.  *See* Dkt. No. 143.  Magistrate Judge Stewart's Text Order was ruling on Plaintiff's September 11, 2023, letter, in which Plaintiff reiterated his discovery request for "Facility transfer papers to have [] Woodward transferred to Greene [Correctional Facility] in November of 2018 and July of 2019."  Dkt. No. 136 at 4.  Defendants' attorneys provided Plaintiff with the precise document that was ordered by Magistrate Judge Stewart to be produced in response to Plaintiff's discovery request—his facility transfer report.

Because Defendants complied with Magistrate Judge Stewart's Orders, Plaintiff's motion for sanctions on this issue is denied.  *See Domni v. Cnty. of Nassau*, No. 19-CV-00083, 2022 WL 16548690, *1 (E.D.N.Y. Oct. 7, 2022) (denying *pro se* plaintiff's motion to compel and for sanctions where the "[p]laintiff contends that [the d]efendants failed to produce certain personnel and internal affairs records as ordered by the Court on February 8, 2022. . . .  [The p]laintiff is incorrect.  [The d]efendants already produced those records"); *Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42, 44 (N.D.N.Y. 1999) ("'[W]ith respect to discovery disputes, the

9

magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused'") (quotation omitted).

It is true that Judge Hurd ordered Defendants to file a status report with the Court by September 30, 2024, and Defendants failed to comply until October 4, 2024. *See* Dkt. Nos. 168, 169, 170. However, a four-day delay in filing a status report does not amount to the "extreme circumstances" under which Rule 37 sanctions are imposed. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986). There is no evidence in the record that Defendants missed the filing deadline "willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988). Therefore, this aspect of Plaintiff's motion for sanctions is denied.

Finally, insofar as Plaintiff references defense counsel's conduct in another case that Plaintiff has before the Court, such conduct is not relevant to this case. As such, Plaintiff's motion for sanctions is denied.

**C.      Plaintiff's Request for a Settlement Conference**

Plaintiff filed a letter requesting a settlement conference in this case and a separate case that he has before this Court. *See* Dkt. No. 172. A settlement conference is currently scheduled in the other action for December 3, 2024, at 10:00 AM. *See Woodward v. Davis*, No. 9:22-CV-438, Dkt. No. 85, (N.D.N.Y.).

As to the present matter, the case is trial ready. The only remaining claims are Plaintiff's Eighth Amendment claims against Defendants Gori, Geleta, and Cituk arising from an alleged May 2017 incident. When Plaintiff filed his original complaint, he sought leave to proceed *in forma pauperis*, which was granted. *See* Dkt. Nos. 2, 3, 4. Plaintiff was incarcerated at the time. *See* Dkt. No. 3. Plaintiff has been released from incarceration since at least May 1, 2024, when he

10

wrote a letter to the Court identifying a change of address. *See* Dkt. No. 162. Plaintiff must inform the Court if he would like the Court to appoint pro bono counsel. Plaintiff shall submit a new application to proceed *in forma pauperis* outlining his current financial circumstances for the Court to determine whether he is entitled to the appointment of pro bono counsel. *See* N.D.N.Y. L.R. 83.2(b). Plaintiff shall also inform the Court if he still wishes to proceed to a settlement conference. If Plaintiff does not wish to proceed to a settlement conference, or if settlement efforts are unsuccessful, the Court will schedule a pre-trial conference at which time a firm trial date will be set. The Court will not consider any other motions other than pretrial submissions.

### III. CONCLUSION

After careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for sanctions (Dkt. No. 171) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 173) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's letter request for a settlement conference (Dkt. No. 172), is **GRANTED** to the extent that Plaintiff shall advise the Court, within **fourteen (14) days** of receipt of this decision, whether he wants pro bono counsel to be appointed by the Court and whether he still wishes to proceed to a settlement conference; and the Court further

**ORDERS** that the Clerk of the Court shall provide Plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs; and the Court further

**ORDERS** that Plaintiff must complete and return a new application to proceed without payment of fees within **fourteen (14) days** of receipt of this decision; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 26, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge